UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY BUSSIE,<br>　　Plaintiff, | Case No. 1:16-cv-768 |
| | Black, J. |
| vs | Bowman, M.J. |
| JOHN BOEHNER,<br>　　Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a federal prisoner incarcerated at the Federal Medical Center in Butner, North Carolina, has filed a motion for leave to proceed *in forma pauperis* in connection with a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint appears to name former House Speaker John Boehner as a defendant based on plaintiff's allegation that he created a hostile working environment. (*See* Doc. 1-1, Complaint at PageID 14).

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Bussie is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice at the screening stage. As the District Court noted in *Bussie v. Boehner*, Case No. 14-cv-777-MJR, 2014 WL 585377 (S.D. Ill. Feb. 14, 2014):

> Review of documents filed on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses that Plaintiff has already filed at

> least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim. *See Bussie v. Attorney General,* Case No. 3:13–CV–476–WMC (W.D. Wis., dismissed July 30, 2013); *Bussie v. Federal Election Comm'n,* Case No. 3:13–CV–477–WMC (W.D. Wis., dismissed July 30, 2013); *Bussie v. Federal Deposit Ins. Corp.,* Case No. 1:13–CV–23000–UU (S.D. Fla., dismissed September 24, 2013); *Bussie v. United States,* Case No. 3:11–CV–1475–FLW (D. N.J., dismissed March 28, 2011); and *Bussie v. Brauman,* Case No. 3:13–CV–1055–AWT (D. Conn., dismissed July 31, 2013).

*See id.* at *2.  *See also Bussie v. House Oversight Committee*, Case No. 1:14-cv-32 (S.D. Ohio Feb. 24, 2014) (Dlott, J.; Litkovitz, M.J.) (Doc. 5) (noting that plaintiff had accumulated at least three strikes within the meaning of 28 U.S.C. § 1915(g)).  The previous screening dismissals prevent the plaintiff from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. Bussie may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury."  Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g).  *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam).  *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007).  "By using the term

'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

Although Mr. Bussie includes a conclusory statement "Imminent danger of serious injury claim" in the complaint, the Court is unable to discern from plaintiff's complaint any facts showing plaintiff meets the statutory exception. Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) should be denied under 28 U.S.C. § 1915(g).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

s/Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY BUSSIE,
    Plaintiff,

vs

JOHN BOEHNER,
    Defendant.

Case No. 1:16-cv-768

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).